# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN A. WALSH, CDCR #K-35564,<br><br>                                    Plaintiff,<br><br>vs.<br><br>J. CELAYA, et al.,<br><br>                                    Defendants. | Case No.   12cv1603 JLS (MDD)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO AMEND**<br><br>**[ECF No. 8]** |

Benjamin A. Walsh ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJDCF") in San Diego, California, is proceeding pro se in this civil action filed pursuant to 42 U.S.C. § 1983. At the time he filed his Complaint, Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed copies of his inmate trust account statements, which the Court construed to be a request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 3].

On July 30, 2012, the Court granted Plaintiff's IFP Motion, but dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* July 30, 2012 Order [ECF No. 6]. Plaintiff was granted 45 days leave, however, to amend his pleading. *Id.* at 6-7; *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the

pleading was made, unless it determines that the pleading could not possibly be cured." (citations omitted)).

On September 10, 2012, Plaintiff filed a Motion for Extension of Time in which to file his Amended Complaint. *See* Pl.'s Mot. [ECF No. 8]. While Plaintiff offers no explanation as to why he has been unable to timely comply with its July 30, 2012 Order, the Court will presume that limitations placed on him due to his continued confinement at RJDCF have played a role.

## I. PLAINTIFF'S MOTION

This is Plaintiff's first request for an extension of time, his request is timely, and he is still proceeding without counsel. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ... technical procedural requirements."). Thus, the Court finds good cause to grant Plaintiff's request. "'Strict time limits ... ought not to be insisted upon' where restraints resulting from a pro se ... plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967); *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's dismissal of prisoner's amended pro se complaint as untimely where mere 30-day delay was result of prison-wide lockdown).

Plaintiff is cautioned, however, that no further extensions of time will be granted to him without explanation or support. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (noting that although the Court must construe his pleadings liberally, a pro se litigant "must follow the same rules of procedure that govern other litigants.").

## II. CONCLUSION AND ORDER

Accordingly, the Court hereby:

1) **GRANTS** Plaintiff's Motion to Extend Time to file an Amended Complaint [ECF No. 8]. Plaintiff's Amended Complaint, should he elect to file one, must be received by the Court no later than **Monday, November 12, 2012.** Moreover, Plaintiff is cautioned

that his Amended Complaint must address the deficiencies of pleading previously identified in the Court's July 30, 2012 Order [ECF No. 6], and must be complete in itself without reference to his original Complaint. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989).

    2) **IT IS FURTHER ORDERED** that should Plaintiff elect *not* to file an Amended Complaint by November 12, 2012, this case shall remain dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) without further Order by the Court.

DATED: September 20, 2012

                      *Janis L. Sammartino*
                      Honorable Janis L. Sammartino
                      United States District Judge